424 So.2d 56 (1982)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
In the Interest of M.W., Appellee.
No. AN-108.
District Court of Appeal of Florida, First District.
December 8, 1982.
*57 Jon W. Searcy, Dist. I Legal Counsel, Dept. of Health & Rehabilitative Services, Pensacola, for appellant.
No appearance for appellee.
WIGGINTON, Judge.
In this appeal, the Department of Health and Rehabilitative Services raises two issues: (1) whether the Juvenile Court violated the Interstate Compact on the Placement of Children, Article III(d), Section 409.401, Florida Statutes (1981), when it granted physical custody of M.W. to her parents in Texas, without Texas' consent; and (2) whether the Juvenile Court abused its discretion by returning legal custody of M.W. to her parents in Texas. Although we affirm the Juvenile Court, we do so on the basis of the second issue, which determination necessarily moots the first issue.
When the court granted legal custody to the parents, we cannot in good faith say it abused its discretion, as there was competent record evidence that M.W.'s parents were rehabilitated to the point that the child no longer required supervision and protection under Section 39.40, et seq., Florida Statutes (1981). However, by granting legal custody, the court in effect entered an order dissolving M.W.'s dependency status, as is its prerogative by virtue of Section 39.41(6)(a). It follows, therefore, that M.W.'s case was removed from the proscriptions of the Interstate Compact as the child was no longer one "requiring placement" for its protection. See Article I(a) and (b). Thus, whether the court erred in placing M.W. in the physical custody of her parents without Texas's consent, contra to Article III(d), is no longer a viable issue. The final order of the Juvenile Court granting the parents of M.W. legal custody is hereby AFFIRMED.
SHAW and JOANOS, JJ., concur.